**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Semmens,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-4495-PHX-DLR<br><br>**ORDER** |

At issue is the denial of Plaintiff Jerry Semmens's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 10, Pl. Br.), Defendant Social Security Administration Commissioner's Response (Doc. 11, Def. Br.), and Plaintiff's Reply (Doc. 12, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 9, R.) and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 15–36).

**I.  BACKGROUND**

Plaintiff filed the present Application on June 14, 2016, alleging an onset date of December 19, 2014. (R. at 18.) Plaintiff's claim was denied initially and upon reconsideration. (R. at 18.) Plaintiff then appeared and testified at a hearing on December 17, 2018. (R. at 18.) On January 16, 2019, the ALJ denied Plaintiff's claim. (R. at 15–36.)

That decision became final on April 19, 2019, when the Appeals Council denied Plaintiff's request for review. (R. at 1–6.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: degenerative disc disease and chronic pain syndrome. (R. at 21.)

Ultimately, the ALJ concluded that Plaintiff is not disabled. (R. at 30.) The ALJ determined that through his date last insured, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 24.) The ALJ also determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with some limitations, including: frequently climbing ramps and stairs, balancing, stooping, and crouching; occasionally climbing ladders, kneeling, and crawling; never climbing ropes or scaffolds; avoiding concentrated exposure to extreme cold and vibration; and never being exposed to dangerous machinery and unprotected heights. (R. at 25.) Based on this RFC, the ALJ concluded that through his date last insured, Plaintiff was capable of performing his past relevant work as an electrical test engineer. (R. at 29.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the

record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III.   ANALYSIS**

Plaintiff raises three issues for the Court's consideration: (1) the ALJ erred by rejecting Plaintiff's symptom testimony; (2) the ALJ erred by rejecting the lay witness evidence; and (3) the ALJ erred by rejecting the opinions of Plaintiff's treating physician

and nurse practitioner ("NP"). The Court finds that the ALJ's findings are supported by substantial evidence and accordingly affirms her decision.

    **A.**    **The ALJ properly rejected Plaintiff's symptom testimony by providing specific, clear, and convincing reasons that are supported by substantial evidence.**

Plaintiff testified that he was unable to work between 2014 and 2016 because of his pain, which had increased in severity and was exacerbated by sitting, standing, and lifting. (R. at 55.) The pain was primarily in his low back and down his right leg into his foot. (R. at 55.) He estimated he would have to take two to three rest breaks per day for approximately 45 minutes to one hour at a time. (R. at 67.) He testified that his pain medications caused him side effects, including fatigue and decreased concentration. (R. at 64, 66.)

The ALJ gave four reasons for rejecting Plaintiff's testimony. (R. at 27–28.) First, Plaintiff's statements concerning his symptoms and side effects were inconsistent with statements throughout his treatment records. Second, the objective medical evidence did not support the full extent of Plaintiff's alleged limitations. Third, his care was conservative, which indicated he was not as limited as alleged. Fourth, his daily activities reflected more functionality than alleged. (R. at 27–28.) The Court finds that the first two reasons were sufficient.

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ may properly consider whether the record includes objective medical evidence to support the claimant's testimony, but that cannot form the sole basis for an adverse credibility finding. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ may also consider the claimant's daily activities, inconsistent statements, and course of treatment. *Id.*

The ALJ's first reason for rejecting Plaintiff's testimony—that it was inconsistent with other statements throughout the record—is specific, clear and convincing, and supported by substantial evidence. An ALJ may properly discredit a claimant's symptom testimony that is inconsistent with the record. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, Plaintiff testified that many of his limitations were due to side effects from his medications. (R. at 64.) He specifically testified that he felt fatigued from his medication. (R. at 66.) However, at his appointments, Plaintiff consistently denied any side effects, including fatigue, and often reported that he was doing well on his medications. (R. at 28, 369, 370, 372, 373, 375, 378, 420, 457, 459, 461, 475, 512, 518, 529, 546.) Based on this evidence, the Court finds that the ALJ properly rejected Plaintiff's testimony because of its inconsistency with statements made to his medical providers.

Additionally, the ALJ's finding that Plaintiff's testimony was unsupported by the medical records is specific, clear and convincing, and supported by substantial evidence. An ALJ cannot reject a claimant's testimony solely because it is unsupported by objective medical evidence, but she may consider it in evaluating credibility. *Burch*, 400 F.3d at 681. Here, the ALJ noted that Plaintiff's physical examinations were largely unremarkable, reflecting good range of motion, no clubbing, no edema, and no focal neurological deficits. (R. at 26–27.) Additionally, diagnostic imaging between 2014 and 2016 reflected mild abnormalities. (R. at 26.) Finally, Plaintiff often denied or did not report fatigue or difficulty with ambulating. (R. at 27.) In sum, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff's testimony was not well-supported by objective medical evidence. Though Plaintiff argues for a more favorable interpretation of the evidence, the ALJ's findings were rational and supported by substantial evidence, and therefore the Court will defer to the ALJ. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

The ALJ's remaining reasons for rejecting Plaintiff's testimony—that his treatment and daily activities were inconsistent with the alleged severity of his limitations—are not

supported by substantial evidence. For example, though Plaintiff did not pursue more aggressive treatment between 2014 and 2016, he explained to his treatment providers and the ALJ that he was financially unable to do so until 2018 when his insurance changed. (R. at 73–78, 417, 454, 459, 463, 469, 471.) Accordingly, this was an improper basis for the ALJ to rely on. *See Regenitter v. Comm'r of Soc. Sec.*, 166 F.3d 1294, 1297 (9th Cir. 1998) (finding that a claimant cannot be denied benefits because he is unable to pay for medical treatment that could improve his condition). Additionally, though Plaintiff performed some household chores, the ALJ did not determine, as was required, how frequently he did them and the extent to which he took breaks. Therefore, it was improper for her to rely on this as evidence that Plaintiff was less disabled than alleged. *See Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2014). Nevertheless, the ALJ's errors were harmless because substantial evidence supports her overall adverse credibility finding. *See Carmickle*, 533 F.3d at 1162 ("So long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal.") (citations and quotations omitted).

**B.     The ALJ properly assigned partial weight to the lay witness evidence by providing germane reasons that are supported by substantial evidence.**

Plaintiff's friend, David Cucuzella, completed a Third-Party Function Report in August 2016. (R. at 315–22.) The ALJ gave partial weight to Mr. Cucuzella's statement for the same reasons he rejected Plaintiff's testimony—inconsistency with the medical evidence and other evidence of record—and, additionally, because Mr. Cucuzella did not report the source of his observations. (R. at 27.) The Court finds that the ALJ properly rejected Mr. Cucuzella's statement.

The ALJ must consider lay witness evidence when evaluating a claimant's disability. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ may disregard lay witness evidence by providing germane reasons. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Here, the ALJ properly rejected Mr. Cucuzella's statement because it was inconsistent with the medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (finding that the ALJ need not consider a lay witness statement that is inconsistent with the medical evidence of record). Moreover, though the ALJ did not discuss the objective evidence in the context of Mr. Cucuzella's statement, he was not required to do so upon finding that Mr. Cucuzella's statement was similar to Plaintiff's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1116 (9th Cir. 2012). Finally, the ALJ properly discounted Mr. Cucuzella's statement on the basis that the source of some of his observations was unclear given that they only saw each other once per week. *See Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993) (finding that testimony by a lay witness who does not observe the claimant daily may be given *some* weight) (emphasis added).

In sum, the Court finds that the ALJ properly assigned partial weight to Mr. Cucuzella's lay witness statement.

  **C.**  **The ALJ properly rejected the opinions of Plaintiff's treating physician and NP because she provided sufficient reasons that are supported by substantial evidence.**

In August 2014, Plaintiff's treating physician, Dr. James Nichols, completed a medical assessment of Plaintiff's ability to perform work-related activities. (R. at 394–95.) He opined that Plaintiff can sit, stand, and walk for fewer than two hours in an eight-hour workday; and can lift and carry fewer than 10 pounds in an eight-hour workday. (R. at 394.) He opined that it is medically necessary for Plaintiff to alternate between sitting, standing, and walking at least every 20 minutes and must rest for at least 15 minutes after changing positions. (R. at 394.) He noted that Plaintiff has severe fatigue caused by his medications and that he would miss six or more days of work per month due to his impairments. (R. at 395.) In July 2015, Plaintiff's treating NP, Michelle Barnett, completed a medical assessment of Plaintiff's ability to perform work-related activities in which she opined to the same limitations as Dr. Nichols. (R. at 446–47.)

The ALJ gave four reasons for rejecting these opinions. (R. at 28.) First, the opined-to limitations, particularly those resulting from medications, were inconsistent with Plaintiff's treatment records. Second, the opinions were not adequately explained. Third, the course of treatment prescribed by Dr. Nichols and NP Barnett was conservative given the severity of their proffered limitations. Fourth, the opinions were inconsistent with Plaintiff's "independent living situation" and "activity level." (R. at 28.) The Court finds that the first two reasons are (1) specific and legitimate, (2) germane, and (3) supported by substantial evidence.

In general, an ALJ must consider medical opinions from multiple sources, including treating physicians, examining physicians, nonexamining physicians, and "other sources." *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ is responsible for resolving conflicts in the medical evidence. *Carmickle*, 533 F.3d at 1164 (citing *Lester*, 81 F.3d at 830–31). In general, a treating physician's opinion should be given controlling weight and may only be rejected "for specific and legitimate reasons that are supported by substantial evidence." *Id.* The ALJ does so by thoroughly summarizing and interpreting the facts and conflicting evidence and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "Other sources" are not entitled to the same deference as treating physicians, and the ALJ may properly reject their opinions by providing a germane reason that is supported by substantial evidence.[1] *Molina*, 674 F.3d at 1111 (citations omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ's first reason for rejecting the opinions of Dr. Nichols and NP Barnett—that they were inconsistent with Plaintiff's treatment records—was specific and legitimate, germane, and supported by substantial evidence. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, or inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Here, the ALJ

---

[1] For cases that were filed before March 27, 2017, a nurse practitioner is defined as an "other source." 20 C.F.R. § 404.1513(d)(1) (2013.)

- 8 -

observed that the limitations that Dr. Nichols and NP Barnett opined to were due, in part, to side effects from Plaintiff's medications. (R. at 28.) However, treatment records from Dr. Nichols and NP Barnett do not contain information to support their opinions. Moreover, Plaintiff consistently denied adverse side effects and often reported that he was doing well on his medications. (R. at 28, 370, 373, 420, 457, 459, 461, 475, 546.) Though Dr. Nichols and NP Barnett opined that Plaintiff's severe fatigue limited his functionality, Plaintiff denied fatigue on numerous occasions. (R. at 369, 372, 375, 378, 512, 518, 529.) In sum, the ALJ's finding that these providers' opinions were inconsistent with treatment records is supported by substantial evidence. Furthermore, because the ALJ's rationale met the more exacting specific and legitimate standard required to reject a treating physician's opinion, the Court necessarily finds that the ALJ's rationale was germane to NP Barnett's identical opinion.

The ALJ also properly considered the lack of explanation in both opinions. When evaluating how much weight to afford a medical opinion, regardless of the source, the ALJ should consider, among other factors, how well-supported the opinion is. *See* 20 C.F.R. § 404.1527(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."). The opinions of Dr. Nichols and NP Barnett were in check-box form with no narrative explanation. Plaintiff argues that the format of the opinions is inconsequential because the providers' treatment relationships with Plaintiff underpinned their assessments. (Pl. Br. at 15.) Plaintiff is correct that the regulations permit the ALJ to consider the nature of the treatment relationship and other relevant evidence that may support the opinions. *See* 20 C.F.R. § 404.1527(c)(2)–(3). However, as the Court previously discussed, the opinions of Dr. Nichols and NP Barnett were not well-supported by their own treatment records. Accordingly, the Court finds that the ALJ properly rejected their opinions due to inadequate explanation.

The ALJ's remaining reasons for rejecting the opinions of Dr. Nichols and NP Barnett are not supported by substantial evidence, but her reliance on them was harmless error. *See Carmickle*, 533 F.3d at 1162. The ALJ found that the prescribed course of

treatment was "inconsistent with what might be expected if the claimant were truly as significantly limited" as Dr. Nichols and NP Barnett opined. (R. at 28.) However, as with Plaintiff's symptom testimony, the ALJ improperly considered Plaintiff's conservative treatment where he explained that he could not afford more aggressive treatment. *Carmickle*, 533 F.3d at 1162. Moreover, records reflect that Dr. Nichols and NP Barnett recommended additional treatment, but that Plaintiff declined it for financial reasons. (R. at 459, 463, 454, 417.) Accordingly, substantial evidence does not support the ALJ's finding that Dr. Nichols and NP Barnett prescribed a conservative course of treatment.

Nor does substantial evidence support the ALJ's finding that the opinions of Dr. Nichols and NP Barnett were inconsistent with Plaintiff's "independent living situation" and "activity level." As with Plaintiff's symptom testimony, the ALJ failed to develop the record as to Plaintiff's daily activities and the extent to which he engaged in them. Without more information or explanation, the Court does not find that the medical opinions are undermined by Plaintiff's daily activities. *See Zavalin*, 778 F.3d at 848.

Nevertheless, despite the two erroneous reasons the ALJ gave for rejecting the opinions of Dr. Nichols and NP Barnett, the Court finds that substantial evidence supports her decision and therefore affirms it. *See Carmickle*, 533 F.3d at 1162.

**IT IS THEREFORE ORDERED** affirming the January 16, 2019 decision of the Administrative Law Judge. (R. at 15–36.)

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 1st day of May, 2020.

Douglas L. Rayes
United States District Judge